IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 11-00235 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LEROY MOLLENA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE
(COMPASSIONATE RELEASE) (ECF No. 75)**

Defendant is currently incarcerated at the Federal Medical Center Devens in Massachusetts with a projected release date of December 20, 2023.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic. Defendant claims that his medical conditions place him at high risk of suffering serious complications should he contract the virus.

The Government opposes Defendant's Motion.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Considering the totality of the circumstances, the Court finds that Defendant's release is not appropriate. The sentencing factors set forth in 18 U.S.C. § 3553(a) do not support Defendant's release. Defendant was a member of a drug conspiracy that involved more than four pounds of methamphetamine

1

and more than one pound of cocaine.

Defendant's serious criminal history includes violence that demonstrates that Defendant poses a significant danger to the public and he should not be immediately released into the community.

At the time of his sentencing, Defendant was in Criminal History Category IV and had a total offense level of 35. Defendant's sentencing guidelines recommended a range between 235 and 293 months imprisonment. Defendant received a significant downward departure and was sentenced to 180 months imprisonment. Defendant has served approximately 104 months of his 180-months sentence. A reduction in Defendant's sentence is not warranted considering the totality of the circumstances.

Defendant's MOTION FOR REDUCTION IN SENTENCE (COMPASSIONATE RELEASE) (ECF No. 75) is **DENIED.**

## PROCEDURAL HISTORY

On March 17, 2011, the grand jury returned an Indictment charging Defendant Mollena and a co-defendant with three counts, as follows:

**Count 1**: Conspiracy To Distribute And To Possess With Intent To Distribute 50 Grams Or More Of Methamphetamine In Violation Of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B).

**Count 2**: Attempt To Posses With Intent To Distribute 50 Grams Or More Of Methamphetamine In Violation Of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).

**Count 3**: Attempt To Posses With Intent To Distribute 500

2

Grams Or More Of Cocaine In Violation Of 21 U.S.C.
§§ 846, 841(a)(1), and 841(b)(1)(B).

(Indictment, ECF No. 12).

On June 8, 2011, Defendant pled guilty to the three counts of the Indictment.  (ECF Nos. 23, 24, 25, 30).

On January 12, 2012, the Court held a sentencing hearing. (ECF No. 55).

Defendant's Presentence Report reflected that at the time of sentencing Defendant was in Criminal History Category IV with a Total Offense Level of 35 and a guideline range of 235 to 293 months imprisonment.  (ECF Nos. 60, 61).

The Court imposed a sentence of 180 months imprisonment, followed by 5 years of supervised release.  (ECF No. 56).

On June 3, 2020, Defendant filed MOTION FOR REDUCTION IN SENTENCE (COMPASSIONATE RELEASE) (ECF No. 75).

On June 4, 2020, the Court issued a briefing schedule.  (ECF No. 79).

On June 10, 2020, the Government filed UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE (COMPASSIONATE RELEASE).  (ECF No. 80).

On June 26, 2020, Defendant filed a Reply.  (ECF No. 81).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

**STANDARD OF REVIEW**

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. Dillon v. United States, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018. PL 115-391, December 21, 2018, 132 Stat. 5194. The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A).

**ANALYSIS**

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that

4

they are applicable, if it finds that—

    (i)   extraordinary and compelling reasons warrant
          such a reduction;

...

          and that such a reduction is consistent with
          applicable policy statements issued by the
          Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## A.   Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP"). In order to file a motion for compassionate release directly with the court, defendant must have either:

    (1)   "fully exhausted all administrative rights" with the
          Bureau of Prisons; or,

    (2)   filed his motion with the court after "the lapse of 30
          days from the receipt of such a request by the warden
          of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The requirement that a defendant first file a request for compassionate release with the BOP or the warden of the defendant's facility is a mandatory rule. United States v. Alam, 960 F.3d 831, 832-34 (6th Cir. 2020). The defendant must either "fully exhaust" his request with the BOP or wait 30 days from the date of filing his request with the warden before the Court may consider a request for compassionate release. See United States

v. Haney,      F.Supp.3d     , 2020 WL 1821988, *3 (S.D.N.Y Apr.
13, 2020) (explaining the statute "requires the defendant either
to exhaust administrative remedies or simply to wait 30 days
after serving his petition on the warden of his facility before
filing a motion in court").

        The Parties agree that Defendant has complied with the
procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the
Court may consider his motion for compassionate release. (Gov't
Opp. at p. 4, ECF No. 80).

**B.    Merits Of Defendant's Request For Compassionate Release**

        If a defendant has complied with the mandatory procedural
requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District
Court may reduce a term of imprisonment, including the grant of
compassionate release, upon finding "extraordinary and compelling
reasons" consistent with applicable policy statements of the
Sentencing Commission.

        The Sentencing Commission's policy statement is provided in
United States Sentencing Guidelines § 1B1.13:

> [T]he court may reduce a term of imprisonment (and may
> impose a term of supervised release with or without
> conditions that does not exceed the unserved portion of
> the original term of imprisonment) if, after
> considering the factors set forth in 18 U.S.C. §
> 3553(a), to the extent that they are applicable, the
> court determines that—
>
>        (1)(A)    Extraordinary and compelling reasons
>                  warrant the reduction; or
>
>        (B)       The defendant (i) is at least 70 years

6

old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2)     The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3)     The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c).  Defendant is only entitled to relief if he demonstrates:

(1)  extraordinary and compelling reasons warrant a sentence reduction;

(2)  he is not a danger to the safety of others or the community; and,

(3)  any requested reduction is consistent with the policy statement.

United States v. Gill, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

### 1.     Extraordinary And Compelling Reasons Are Required To Warrant Sentence Reduction

The Sentencing Commission's application note for Guideline § 1B1.13 provides the definition of "extraordinary and compelling reasons."  The Court agrees with the majority of the district courts in the Ninth Circuit that have concluded that Section 1B1.13 and its definition of "extraordinary and compelling reasons" applies to motions for compassionate release even though

7

the sentencing guideline was not separately amended following the passage of the First Step Act.  See Riley v. United States, 2020 WL 1819838, *8 (W.D. Wash. Apr. 10, 2020) (collecting cases); United States v. Shields, 2019 WL 2359231, *4 (N.D. Cal. June 4, 2019).

Section 1B1.13 of the Sentencing Guidelines explains that extraordinary and compelling reasons exist when:

(A) **Medical Condition of the Defendant.**–

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**–The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**–
    (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)

U.S.S.G. § 1B1.13 cmt. n.1.

Defendant is 51 years old.  He is suffering from medical conditions that Defendant argues warrant relief.  Defendant has stage 5 chronic kidney disease, type 2 diabetes, and hypertension.  (Motion at p. 3, ECF No. 75-1).  To manage his conditions, Defendant takes numerous medications, receives dialysis, and has received blood transfusions at Federal Medical Center Devens where he is housed.  (See Ex. B, attached to Def.'s Reply, ECF No. 84).  Defendant has also received medical care at nearby hospitals when necessary.  (Id.)

Nothing in the record establishes that Defendant is not being properly cared for at FMC Devens.  To the contrary, the record demonstrates that Defendant is receiving extensive medical care by the BOP.  Conditions that can be managed in prison are not a basis for compassionate release.  United States v. Kazanowski, Crim. No. 15-00459 DKW-05, 2020 WL 3578310, *9 (D. Haw. July 1, 2020) (citing U.S.S.G. § 1B1.13 cmt. n.1(A)).

The Government argues that even if Defendant's medical

9

conditions provide a basis for him to seek release, Defendant does not warrant relief because he poses a danger to the community and has not established his release is warranted pursuant to the Sentencing Commission's policy statements and the factors set forth in 18 U.S.C. § 3553(a).

    **2.    Release Is Not Available If Defendant Poses A Danger To The Safety Of Others And The Community**

In order to be eligible for compassionate release, Defendant must establish release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that he is not a danger to the safety of others or the community.  18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

The Section 3553(a) sentencing factors do not weigh in favor of a reduced sentence.  The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.  The nature and circumstances of Defendant Mollena's offense weigh in favor of his 180-month sentence.  The Presentence Report reflects that Defendant was a member of a conspiracy to distribute a large quantity of drugs into the community: 1318 grams of ice, 880 grams of actual methamphetamine, and 487 grams of cocaine.

Defendant's history and characteristics also do not favor a reduced sentence.  Defendant was 42 years old at the time of his sentencing on January 12, 2012, and he was in Criminal History

Category IV.  Prior to his January 12, 2012 sentencing, Defendant had already been sentenced for another drug conspiracy in federal court in 2002.  (Presentence Report at p. 9, ECF No. 60).  On July 22, 2002, Defendant was sentenced to 24 months probation with 3 months intermittent confinement and 3 months home detention for Conspiracy To Distribute And Posses With Intent To Distribute Cocaine.  (Id., United States v. Mollena, Cr. No. 00-00188 SOM-04).  The 2002 drug conspiracy involved cocaine, marijuana, LSD, drug paraphernalia, more than $2,000 in cash, and four firearms along with magazines and ammunition.  (PSR at p. 9, ECF NO. 60).

Defendant's criminal history also involves violence.  On December 3, 2009, Defendant was sentenced to five years probation for Abuse Of A Family Member in Hawaii State Court.  (PSR at p. 10, ECF No. 60).  Maui County Police Officers responded to multiple calls about a female being thrown from a vehicle on Honoapoolani Highway.  (Id.)  The victim identified herself as the Defendant's girlfriend and mother of his child.  (Id.) Defendant choked her almost to the point of unconsciousness and then the Defendant forced the victim out of the car and drove off.  (Id.)  The victim had scratches on the side of her neck along with redness and bruising.  (Id.)

Defendant's probation was revoked on August 4, 2010, when he was convicted in Hawaii State Court for Promoting Prison Contraband In The First Degree and Drug Paraphernalia.  (PSR at p. 10, ECF No. 60).

At the time of Defendant's arrest for the crime for which he is serving his sentence, Defendant had already been charged on January 27, 2011, for a second time for Abuse Of Family Or Household Member.  (Id. at p. 11).

Defendant's criminal record reflects crimes of increasing seriousness over time and an inability to comply with the terms of probation.

At the time of Defendant's sentencing, he was in Criminal History Category IV, had a total offense level of 35, and had a sentencing guideline range of 235 to 293 months imprisonment. Defendant received a significant downward departure and was sentenced to 180 months imprisonment.  When Defendant applied for compassionate release, he had only served 104 months of his 180-month sentence.  Defendant's serious criminal history, repeated lack of rehabilitation, and pattern of violating the terms of his probation do not favor release.

//

//

//

//

//

//

//

//

//

//

12

## <u>CONCLUSION</u>

Defendant's Motion For Reduction In Sentence (Compassionate Release) (ECF No. 75) is **DENIED**.

IT IS SO ORDERED.

Dated: July 7, 2020, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

<u>United States v. Leroy Mollena</u>, Crim. No. 11-00235 HG-01; **ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE (COMPASSIONATE RELEASE) (ECF No. 75)**